### ALEXANDER JANUSKEWICZ *vs.* EVA KOWAL.

#### MAY 12, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Deeds.  Delivery.*

Delivery is essential to the validity of a deed.  The ordinary test is, did the grantor by his acts or words or both, intend to divest himself of the title to the estate described in the deed.  If so the deed is delivered; but if not there is no delivery.  To constitute delivery, grantor must absolutely part with the possession and control of the instrument.

*(2)  Deeds.  Delivery.*

Whether a deed has been delivered ordinarily presents a mixed question of law and fact to be determined by the jury under proper instructions.

TRESPASS AND EJECTMENT. Heard on exceptions of plaintiff and overruled.

SWEENEY, J.  This is an action of trespass and ejectment.  Plaintiff alleged ownership of the land in fee simple. Defendant pleaded the general issue.  After trial in the Superior Court the jury returned a verdict for the defendant. Plaintiff has brought the case to this court by his bill of exceptions after denial of his motion for a new trial by the trial justice.  Plaintiff's exceptions to the denial of his motion for a directed verdict and to the denial of his motion for a new trial on the grounds that the verdict was against the law and the evidence will be considered together.

Plaintiff's right to recover is founded upon a warranty deed dated November 18, 1916, signed and acknowledged by the defendant and her husband, conveying said property to him.  The defendant contends that the deed was never delivered to the plaintiff.  The vital question presented by

the exceptions is: Does the evidence prove a valid delivery of the deed?

The facts in the record, necessary to be stated for a determination of the claims of the parties, are as follows: In April, 1911, plaintiff owned the house and lot in dispute and mortgaged it. He made default in the conditions of the mortgage, and the property was conveyed to defendant's husband by mortgagee's deed dated October 26, 1916. Defendant and her husband took possession of the property. Two days afterwards they executed and delivered a mortgage for a portion of the purchase price. The following month they signed and acknowledged a deed conveying said property to the plaintiff subject to said mortgage. Defendant's husband died October 4, 1918. She continued to occupy the property and paid the mortgage March 12, 1921. June 4, 1924, defendant talked with a Polish carpenter about making improvements to the house. She showed him the deed of the property and the unrecorded deed to the plaintiff. They went to the town clerk's office to see if the title to the property was clear and for advice about the unrecorded deed. Defendant could not speak English and the carpenter spoke for her. After some conversation with the town clerk, they left the deed with him for record. This was done without the knowledge of the plaintiff. Soon after this defendant and the carpenter called upon the attorney who had drawn the deed and asked about the title to the property and told him what they had done with the unrecorded deed. The attorney went to the town clerk's office for the defendant and withdrew the deed from record before it had been copied into the record book. The carpenter also went to the plaintiff and told him about leaving the deed at the town clerk's office and asked him to go there and make a deed of the property to the defendant. The plaintiff refused to deed the property to the defendant and in the following month demanded possession of it from her. Plaintiff testified that the deed was delivered to him soon after it was signed and that he left it with defendant's

husband for safe keeping. The deed was not recorded at the time. The attorney, who acted for the defendant and her husband at the time they purchased the property and took their acknowledgment as notary public to the deed in question, and the defendant denied that the deed was delivered to the plaintiff. This conflict in the testimony required the submission of this issue to the jury.

Plaintiff claims that filing the deed for record at the town clerk's office June 4, 1924, was a complete delivery of it to him and cites *Nichols* v. *Reynolds*, 1 R. I. 30, as authority. In this case the court held that the lodging of a warranty deed with the town clerk by the grantee and the subsequent admission of the grantor, as testified to by others, was presumptive evidence of its delivery and *prima facie* proof that the deed came into the possession of the grantee with the assent of the grantor. In the instant case it will be noted that the deed was not left for record by the grantee, but by one of the grantors who denies that the deed was ever delivered to the grantee.

Delivery is essential to the validity of a deed, 18 C. J. 196. In *Johnson* v. *Johnson*, 24 R. I. 571, the rule is stated thus: "In order to convey title to real estate, it is necessary that the deed thereof shall be delivered to the grantee or to some one for his use. And the ordinary test is: Did the grantor by his acts or words, or both, intend to divest himself of the title to the estate described in the deed? If so, the deed is delivered. But if not, there is no delivery; and hence no title passes. In order to constitute a delivery, the grantor must absolutely part with the possession and control of the instrument." In *Taylor* v. *Taylor*, 90 Atl. 746, the court said: "Intent is the very essence of delivery". Whether a deed has been delivered ordinarily presents a mixed question of law and fact to be determined by the jury, under proper instructions from the court, from all the evidence on that point where there is conflicting testimony, 18 C. J. 215.

The facts and circumstances attending the purchase of the property by the defendant's husband, their exclusive occu-

pation of it for many years, and their dealings with the plaintiff as well as the circumstances showing the conditions under which defendant left the deed for record required the submission of the case to the jury upon the issue of the delivery of the deed. No exception was taken by the plaintiff to the charge of the trial justice. He has approved the verdict in a carefully prepared decision denying the motion for a new trial. We have duly considered the evidence and find no error in his decision.

Several exceptions were taken to the admission of testimony tending to show the circumstances under which the deed was left for record by the defendant, and defendant's conduct relative to her occupation of the property. This testimony was relevant to the issue of the delivery of the deed and the exceptions are without merit.

All of the plaintiff's exceptions are overruled. The case is remitted to the Superior Court for Kent County with direction to enter judgment for the defendant on the verdict.

*Quinn, Kernan & Quinn,* for plaintiff.

*John P. Hartigan,* for defendant.